UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHADWICK THOMPSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MILLENNIA MORTGAGE CORPORATION, and DOES 1 through 500 inclusive,<br><br>Defendants. | Case No..: CV07-00475 ~~MMM~~ (SHx)<br><br>**CLASS ACTION**<br><br>Assigned for All Purposes to:<br>JUDGE OTIS D. WRIGHT II<br>Courtroom: 11<br><br>~~[PROPOSED]~~ **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Date:         January 14, 2008<br>Time:         1:30 p.m.<br>Courtroom:    11 |

The Court has received and considered the proposed Joint Stipulation for Class Action Settlement between Plaintiff and Defendant (hereinafter the "Settlement Agreement"); has received and previously approved the preliminary approval of the class settlement that provided for conditional class certification, has been informed by declarations that notice to the Class of the settlement has been

1

given to the Class; has held a fairness hearing at which all parties appeared by their Counsel and at which the Class Members were afforded the opportunity to object to the proposed settlement; has received and reviewed briefing and evidence as to why the proposed settlement is fair, adequate and in the best interests of the represented class; has considered all other arguments and submissions in connection with the proposed settlement,

## NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT

1. The Settlement Agreement and the terms therein are fair, just, reasonable and adequate as to the settling parties, including the Class and is hereby finally approved in all respects. The parties are hereby directed to perform the terms of the said Settlement Agreement and to report to the Court when that performance has been completed.

2. The Class represented herein by Plaintiff is defined as persons employed by Millennia Mortgage Corporation in California as a loan officer or processor and who were paid, in whole or in part, on a commission basis at any time between September 30, 2002 and September 29, 2006.

3. The unopposed application of Class Counsel for costs and attorneys' fees award against Defendant is hereby granted. Defendant shall pay $90,000 to Jose Garay, APLC and The Carter Law Firm ("Class Counsel"), as provided for in the Settlement Agreement incorporated by reference, and litigation costs of $5,954.96. The Court hereby also awards a class representative enhancement of $10,000 to Chadwick Thompson. The class representative enhancement shall be paid in accordance with the terms of the Settlement

Agreement. The Class Administrator, Rust Consulting, Inc. shall be paid in accordance with the terms of the Settlement Agreement. $20,000 No other costs and fees relief shall be awarded, either against Defendant or any related persons or entities or from the award to the Class.

4. All Class Members except those who timely opted out are bound by the instant Final Judgment and Order of Dismissal With Prejudice, by the previously-approved Settlement Agreement. Each Class Member is hereby deemed conclusively to have released Defendants and any related parties, as defined in the Settlement Agreement, from any claims raised in the Complaint herein and as more particularly described therein. Each Class Member is barred from commencing or prosecuting any of the claims, either directly, representatively or in any other capacity, that are released by the Settlement Agreement, the Claim Form or Release or the instant Final Judgment and Order of Dismissal With Prejudice.

5. This action is hereby dismissed on the merits with prejudice. The Court shall retain jurisdiction of this action. Jurisdiction shall be so retained for the sole purpose of resolving any disputes that may arise as to the implementation of the monetary relief terms of the Settlement Agreement. At such time as a report is received that the monetary relief terms of the Settlement Agreement have been effectuated, the Court's jurisdiction shall be deemed terminated as a final matter for all purposes.

6. Neither the making nor entering into the Settlement Agreement constitutes an admission by Defendant, nor is this Judgment a finding of the validity of any claims in the complaints herein or of any other wrongdoing. Further, the Settlement Agreement is not a concession and shall not be used as an admission of any wrongdoing, fault or omission of any entity or persons; nor may any action

1  taken to carry out the terms of the Settlement Agreement be construed as an
2  admission or concession by or against Defendant or any related person or entity.
3  Evidence of the making or entering into the Settlement Agreement shall not be
4  offered or received in evidence in any action or proceeding against any party hereto
5  in any Court, or other tribunal for any purpose, other than to enforce the instant
6  Judgment and its provisions, the Settlement Agreement and Order or to support a
7  defense of res judicata, collateral estoppel, release, good faith settlement, judgment
8  bar or reduction or any other theory of claim or issue preclusion or similar defense
9  or claim.

**THIS COURT HEREBY ORDERS THAT THIS CASE IS DISMISSED WITH PREJUDICE PURSUANT TO THE TERMS OF THE SETTLEMENT AGREEMENT.**

IT IS SO ORDERED:

Dated: 1-14-08

_____
The Honorable Otis D. Wright, II
Central District Of California

# PROOF OF SERVICE BY MAIL
## 1013a and 2015.5 C.C.P.

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF ORANGE           )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2030 Main Street, Suite 1300, Irvine, California, 92614.

On **January 4, 2008**, I served the foregoing document described as,

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

on all interested parties by placing **a true and correct copy** enclosed in a sealed envelope addressed as follow:

*SEE ATTACHED SERVICE LIST*

By mailing as follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **January 4, 2008,** at Irvine, California.

_____
Andrea Drocco

# SERVICE LIST

John E. Lattin, Esq.
John K. Sckousen, Esq.
Talar M. Herculian, Esq.
**FISHER & PHILLIPS LLP**
18400 Von Karman Avenue, Suite 400
Irvine, California 92612
Telephone:  (949) 851-2424
Facsimile:   (949) 851-0152